UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Benjamin Hawthorne

    v.                                        Civil No. 22-cv-366-JL

New Hampshire State Prison for Men

**REPORT & RECOMMENDATION**

Before the court is the complaint (Doc. No. 1) and complaint addendum (Doc. No. 8) filed by pro se plaintiff, Benjamin Hawthorne, a prisoner at the New Hampshire State Prison for Men in Concord, New Hampshire ("NHSP"). The complaint is before this magistrate judge for preliminary review under LR 4.3(d)(1) and 28 U.S.C. § 1915A(a).

**Preliminary Review Standard**

The court may dismiss claims asserted in a prisoner's complaint, if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b). In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To determine whether to dismiss claims for failure to state a claim, the court takes as true the factual content in the complaint and inferences reasonably drawn from those facts,

strips away the legal conclusions, and considers whether plaintiff has stated a claim that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Background

Mr. Hawthorne's complaint (Doc. No. 1) and addendum (Doc. No. 8) relate to an incident he alleges occurred at the NHSP on August 10, 2021. Mr. Hawthorne asserts that, on that date, he was housed in the mental health unit at the NHSP. Another inmate, Joshua Laclair, approached Mr. Hawthorne and made "a few very disturbing remarks" and "sexual advances" toward Mr. Hawthorne. Compl. (Doc. No. 1) at 9-10. Mr. Hawthorne told Mr. Laclair to leave him alone and go away. Mr. Laclair, however, neither listened to nor acknowledged Mr. Hawthorne's requests. Instead, Mr. Laclair continued to direct sexual remarks or advances toward Mr. Hawthorne.

Afterward, Mr. Hawthorne reported the incident to a NHSP medical staff member. The staff member forwarded Mr. Hawthorne's report to NHSP administration, which initiated an investigation. The next day, a NHSP investigator – identified only as "Investigator Phelps" – contacted Mr. Hawthorne and assured him he would investigate and treat the matter as an accusation under the Prison Rape Elimination Act ("PREA").

At some point after that, Mr. Hawthorne left the NHSP. In January 2022, Mr. Hawthorne asserts that he was "reincarcerated" at the Strafford County jail. Id. at 11. While at the Strafford County jail, Mr. Hawthorne received a phone call from a NHSP staff member who told him that, after investigation, his claim had been found to be substantiated and accurate.[1]

Mr. Hawthorne attached several documents to his complaint. As relevant, these are a typed letter from the NHSP to Mr. Hawthorne and Investigator Phelps's report. The letter states as follows:

> After completing an investigation pertaining to your August 12, 2021, allegation that you had been sexually harassed by Inmate Laclair, . . . your allegation has been determined to be substantiated, meaning that after the allegation was investigated, it was determined to have occurred. This matter will be addressed with Inmate Laclair through the administrative disciplinary process.

Letter (Doc. No. 1-1) at 1. A handwritten note on the bottom of the letter states that "I, Jean Carroll, read this letter over the phone" to Mr. Hawthorne, who stated that he understood the context. Id. The note adds that "[t]here has not been any contact or retaliation from Inmate Laclair." Id.

Investigator Phelps's report relates much of the same facts alleged by Mr. Hawthorne in his complaint. The Investigation

---

[1] It appears that Mr. Hawthorne has since reentered NHSP.

3

Report states that Mr. Laclair had been walking around the morning of the incident stating that he was being kicked out of the unit and was going to be moved to another unit "where he was going to be raped." Investigation Report (Doc. No. 1-1) at 2. The other inmates on the pod were trying to ignore Mr. Laclair "with little luck." Id.  Mr. Hawthorne and some other inmates were sitting on couches near Mr. Laclair, and Mr. Hawthorne told Mr. Laclair that he should not "be saying stuff like that." Id. Mr. Hawthorne had a history of being sexually assaulted, and so Mr. Laclair's remarks caused Mr. Hawthorne significant mental distress.  Mr. Laclair then directed vulgar, sexual remarks toward Hawthorne, to which Mr. Hawthorne responded that Mr. Laclair should "shut up and leave the pod." Id.  Mr. Laclair left but later came back to retrieve some property.  While doing so, Mr. Laclair made another vulgar, sexual remark toward Mr. Hawthorne.  Mr. Hawthorne also filed a supplement to his complaint asserting that Mr. Laclair should be added as a defendant to the case, as Mr. Laclair's actions caused him mental distress.  Compl. Supplement (Doc. No. 8).

## Discussion

In his pleadings, Mr. Hawthorne identified 42 U.S.C. § 1983 and PREA as the legal bases for his claims.  As an initial matter, to the extent Mr. Hawthorne sought to raise a claim

under PREA, it "does [not] apply to harassment claims nor does it provide a federal right enforceable in a § 1983 action." See Green v. Williams, No. 20-60723-CV-WILLIAMS, 2020 WL 7774727, 2020 U.S. Dist. LEXIS 188173, at *12 (S.D. Fla. Oct. 8, 2020) (recommending dismissal of claim that prison violated PREA by failing to investigate claim of sexual harassment), R&R adopted, 2020 U.S. Dist. LEXIS 244386 (Dec. 30, 2020); Jackson v. Wicking, No. 3:20-cv-249, 2020 U.S. Dist. LEXIS 218534, at *6 (M.D. Tenn. Nov. 23, 2020) (collecting cases, observing that PREA does not provide a private right of action, and stating that a prisoner "has no constitutional right to compel a proper investigation of his PREA complaint . . . or even to have that complaint investigated at all").

To the extent Mr. Hawthorne seeks to bring a claim under § 1983, Mr. Hawthorne did not identify the constitutional right that he claims NHSP, or any NHSP employee, violated.  As Mr. Hawthorne proceeds pro se, the court has given the pleadings a liberal construction, and the alleged facts suggest that Mr. Hawthorne intended to bring a claim that the NHSP, or an unidentified NHSP employee, violated his Eighth Amendment rights by deliberately ignoring serious risks to his health or safety. Furthermore, considering the facts, Mr. Hawthorne may also have intended to bring state-law tort claims against the NHSP and Mr. Laclair.

I.   Sovereign Immunity

Mr. Hawthorne asks only for money damages in his complaint. See Compl. (Doc. No. 1) at 12-13 (asking for $100,000 in damages for physical injuries and $250,000 in damages for mental anguish); Civil Cover Sheet (Doc. No. 1-3) at 1 (indicating a request for $450,000 in damages). The Eleventh Amendment generally precludes a plaintiff from suing the state, its agencies, or state employees in their official capacities, unless the state has waived its Eleventh Amendment immunity, or a federal law provides the requisite waiver or abrogation of that immunity. See Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015); Davidson v. Howe, 749 F.3d 21, 27-28 (1st Cir. 2014). The NHSP is a state agency, see Guitard v. N.H. Dep't of Corr., No. 11-cv-194-PB, 2011 U.S. Dist. LEXIS 55455, at *2 (D.N.H. May 17, 2011), and no waiver or abrogation of the state's Eleventh Amendment immunity applies to Mr. Hawthorne's apparent § 1983 claims. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity" (citation omitted)). Accordingly, the district judge should dismiss all of Mr. Hawthorne's § 1983 claims to the extent he seeks money damages from the state, the NHSP (a state agency), or any state officials in their official capacities.

II. <u>Eighth Amendment Claim Against NHSP</u>

It is unclear whether Mr. Hawthorne seeks prospective injunctive relief in addition to money damages against NHSP. But even assuming that he does, Mr. Hawthorne has not stated any claim for relief. As noted, construing his complaint liberally, the only apparent federal claim raised is one for deliberate indifference to serious risks to health or safety under the Eighth Amendment.

"Under the Eighth Amendment, 'prison officials have a duty to protect prisoners from violence at the hands of other prisoners.'" <u>Lakin v. Barnhart</u>, 758 F.3d 66, 70 (1st Cir. 2014) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994)). The plaintiff must show that he was incarcerated under conditions that posed a "substantial risk of serious harm" to him, and the defendant must have acted, or failed to act, with deliberate indifference to the plaintiff's health or safety. <u>Id.</u> Importantly, to prevail on an Eighth Amendment claim, a plaintiff must show that the defendant's conduct was purposeful and not merely negligent. <u>See</u> <u>Abernathy v. Anderson</u>, 984 F.3d 1, 6 (1st Cir. 2020).

Here, the allegations do not rise to the level of constitutional harm. Mr. Hawthorne alleges that he was sexually harassed by another inmate. He promptly reported that harassment to NHSP staff, who investigated the complaint, found

7

the allegations substantiated, and acted accordingly by utilizing the NHSP's inmate disciplinary process.  There is no allegation that any NHSP employee had any reason to believe that Mr. Laclair would act as he did prior to the incident.  Further, Mr. Hawthorne does not allege that any NHSP employee was present when the harassment occurred or that they allowed it to happen or continue.  There is no allegation that the harassment reoccurred afterward.  Simply put, on these facts, neither the NHSP, nor any NHSP employee, can be said to have acted with deliberate indifference to any serious risk of harm to Mr. Hawthorne.  See Green, 2020 U.S. Dist. LEXIS 188173, at *9-10 (recommending dismissal of Eighth Amendment deliberate indifference claim where plaintiff alleged that other inmates sexually harassed him while he was in the shower and did not allege any physical contact, threats, or facts showing that prison officials disregarded a substantial risk to plaintiff).

III. State-Law Claims

In his complaint, Mr. Hawthorne may also be attempting to raise state-law claims for, potentially, assault, negligent infliction of emotional distress, or intentional infliction of emotional distress against either the NHSP, an unidentified NHSP employee, or Mr. Laclair.  As there are no viable federal claims, and because there is not complete diversity between Mr.

Hawthorne and NHSP and Mr. Laclair, the district judge should decline to exercise supplemental jurisdiction over any state-law claims that Mr. Hawthorne intended to raise. See 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); Rossi v. Gemma, 489 F.3d 26, 38-39 (1st Cir. 2007) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit . . . will trigger the dismissal without prejudice of any supplemental state-law claims." (quoting Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995)).

## Conclusion

For the foregoing reasons, the District Judge should dismiss Mr. Hawthorne's complaint in its entirety for failure to state a federal claim, without prejudice to his ability to assert any state law claim asserted here in an appropriate state court. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See

<u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

                                                Andrea K. Johnstone
                                                United States Magistrate Judge

October 6, 2023

cc:  Benjamin Hawthorne, pro se